# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID DEVINE,                         :
                                      :
            *Plaintiff,*              :
                                      :
                                      :                      16       7734
    v.                                :    **CIVIL ACTION NO.**_____
                                      :
BROCK & COMPANY, INC. and             :
DAVID'S BRIDAL, INC.,                 :
                                      :
            *Defendants.*             :

## COMPLAINT AND JURY DEMAND

## I.    PRELIMINARY STATEMENT:

1.      This is an action for an award of damages, declaratory and injunctive

relief, attorney's fees and other relief on behalf of Plaintiff, David Devine ("Plaintiff

Devine"), a former employee of Defendants, Brock & Company, Inc. and David's Bridal,

Inc. (collectively "Defendants"), who has been harmed by the Defendants' discriminatory

employment practices.

2.      This action is brought under the Americans with Disabilities Act ("ADA"),

42 U.S.C. §12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S.

§951 et seq.

## II.   JURISDICTION AND VENUE:

3.      The jurisdiction of this Court is invoked, and venue is proper in this district,

1

pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Devine's claims are substantively based on the ADA.

4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Devine's claims arising under the PHRA.

5.     All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III.     PARTIES:

6.     Plaintiff, David Devine ("Plaintiff Devine"), is a sixty (60) year old male individual and citizen of the Commonwealth of Pennsylvania residing therein at 415 Snowflake Circle, Jeffersonville, Pennsylvania 19403.

7.     Defendant, Brock & Company, Inc. ("Defendant Brock & Company"), is a corporation maintaining a place of business located at 257 Great Valley Parkway, Malvern, Pennsylvania 19355.  At the times relevant hereto, Defendant Brock & Company and/or its affiliates or agents acted as a person and an "employer" under the ADA and the PHRA and is accordingly subject to the provisions of each said Act.

8.     Defendant, David's Bridal, Inc. ("Defendant David's Bridal"), is a corporation maintaining a place of business located at 1001 Washington Street, Conshohocken, Pennsylvania 19428.  At the times relevant hereto, Defendant David's Bridal and/or its affiliates or agents acted as a person and an "employer" under the ADA and the PHRA and is accordingly subject to the provisions of each said Act.

2

9.     At all times relevant hereto, Defendants were acting through their agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

10.     Upon information and belief, at all times material hereto, the Defendants employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

11.     Defendants Brock & Company and David's Bridal, Inc., should be collectively deemed to be Plaintiff Devine's employer under the "single employer" doctrine and/or "joint employer" doctrine.  The Defendants share a single place of business and management and together determined the essential terms and conditions of Plaintiff's employment.

12.     At all times relevant hereto, Plaintiff was an "employee" within the meaning of the ADA and PHRA.

## IV.     STATEMENT OF FACTS:

13.     Plaintiff Devine, a fifty-eight (58) year old male, was employed by the Defendants from on or about July 7, 2013 until on or about July 28, 2014, the date of his unlawful termination.

14.     During the entire course of his employment with the Defendants, Plaintiff Devine held the position of Grill Cook and at all times maintained a satisfactory job performance rating in said capacity.

3

15.     At all times relevant hereto, Plaintiff Devine suffered from a Hearing Impairment and fully apprised the Defendants thereof. Said medical condition constitutes a disability within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff Devine's major life activities, including, but not limited to, hearing and the normal functioning of Plaintiff Devine's Auditory System.

16.     During the course of Plaintiff Devine's employment, the Defendants consistently subjected Plaintiff Devine to a hostile work environment through various instances of public embarrassment and disparagement.

17.     By way of example, in or about September of 2013, Jackie LNU ("Jackie"), Brock & Company Employee and Tyrell LNU ("Tyrell"), Brock & Company Employee, embarked upon a campaign of discrimination against Plaintiff Devine by subjecting him to disparaging remarks on the basis of his disability (Hearing Impairment), including, but not limited to, calling Plaintiff Devine an "old deaf-ass motherfucker" and "deaf as a doornail." In response thereto, Plaintiff Devine frequently registered complaints of discrimination with Jen Foy ("Foy"), Brock & Company Manager/Chef.

18.     At all times relevant hereto, the said Foy utterly failed to take corrective action in response to Plaintiff Devine's complaints. Upon information and belief, similarly-situated non-disabled individuals were not subjected to such discriminatory treatment.

19.     By way of further example, at all times relevant hereto, Foy subjected Plaintiff Devine to public embarrassment and disparaging remarks, including, but not

4

limited to, "just because you're deaf doesn't mean the rest of us are" and "I'm tired of repeating myself twice because [you] cannot hear." Upon information and belief, similarly-situated individuals were not subjected to such treatment.

20.    In or about October of 2013, a David's Bridal Employee intentionally subjected Plaintiff Devine to public embarrassment on the basis of his disability (Hearing Impairment) by deceptively mouthing words without generating any actual sound. Upon information and belief, said David's Bridal Employee intended to publically embarrass and humiliate Plaintiff Devine by attempting to confuse Plaintiff Devine and tricking Plaintiff Devine into believing that he had gone completely deaf. Upon further information and belief, similarly-situated non-disabled individuals were not subjected to such treatment.

21.    As a result of the aforesaid event, Plaintiff Devine registered a formal complaint of discrimination with Chip LNU ("Chip"), David's Bridal's Human Resources Director, who blatantly refused to take corrective action in response thereto. In connection therewith, the said Chip communicated Plaintiff Devine's formal complaint of discrimination to Foy and Gerry LNU ("Gerry"), Brock & Company District Manager. Foy and Gerry also unjustifiably refused to take corrective action in response to said formal complaint of discrimination and, instead, verbally berated Plaintiff Devine for registering said complaint. Upon information and belief, similarly-situated non-disabled individuals were not subjected to such treatment.

22.    Subsequently, in or about April of 2014, Plaintiff Devine suffered from a sudden Myocardial Infarction (Heart Attack) and Cerebrovascular Insult (Stroke). Said

medical conditions constitute disabilities within the meaning of the Americans with

Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that

they substantially impair one or more of Plaintiff Devine's major life activities, including,

but not limited to, the normal functioning of Plaintiff Devine's Neurological System and

Circulatory System. In connection with said Myocardial Infarction (Heart Attack) and

Cerebrovascular Insult (Stroke), Plaintiff Devine was required to commence a brief

medical leave of absence while he was recovering in the hospital and promptly apprised

the Defendants of the same.

23.    Immediately thereafter, the Defendants embarked upon a campaign of

discrimination against Plaintiff Devine on the basis of his actual and/or perceived

disabilities and/or records of impairments (Hearing Impairment, Myocardial Infarction,

and Cerebrovascular Insult).

24.    By way of example, despite the fact that Plaintiff Devine was medically

required to remain in the hospital for ten (10) days in order to recover from said

Myocardial Infarction and Cerebrovascular Insult, the Defendants subjected Plaintiff

Devine to written disciplinary action as a result thereof. Upon information and belief, the

Defendants subjected Plaintiff Devine to written disciplinary action for said brief medical

leave of absence solely due to his actual and/or perceived disabilities and/or records of

impairments (Hearing Impairment, Myocardial Infarction, and Cerebrovascular Insult)

and/or in retaliation for Plaintiff Devine registering several complaints of discrimination

in the workplace. Upon further information and belief, similarly-situated non-disabled

individuals were not subject to such treatment.

6

25.     Thereafter, on or about July 28, 2014, the Defendants abruptly terminated Plaintiff Devine's position of employment, allegedly due to issues with Plaintiff Devine's "performance".

26.     Upon information and belief, the Defendants replaced Plaintiff Devine with a less experienced, less qualified, non-disabled individual.

27.     Plaintiff Devine believes and therefore avers that the Defendants' articulated reason for the termination of his employment was pretextual and that the Defendants actually terminated his position of employment due to his actual and/or perceived disabilities and/or records of impairments (Hearing Impairment, Myocardial Infarction, and Cerebrovascular Insult) and/or in retaliation for Plaintiff Devine registering formal complaints of discrimination with the Defendants.

## COUNT I
### (ADA - Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation)
### Plaintiff Devine vs. the Defendants

28.     Plaintiff Devine incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29.     The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff Devine to discrimination on the basis of his actual and/or perceived disabilities and/or records of impairment (Hearing Impairment, Myocardial Infarction, and Cerebrovascular Insult), and for retaliating against him for requesting a reasonable accommodation, constituted violations of the ADA.

7

30.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff Devine sustained permanent and irreparable harm, resulting in the loss of his employment, which caused his to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

31.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff Devine suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II

### (PHRA - Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation) Plaintiff Devine vs. the Defendants

32.     Plaintiff Devine incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth at length herein.

33.     The actions of the Defendants, through its agents, servants and employees, in subjecting Plaintiff Devine to discrimination on the basis of his actual and/or perceived disabilities and/or records of impairment (Hearing Impairment, Myocardial Infarction, and Cerebrovascular Insult), and for retaliating against him for requesting a reasonable accommodation constituted violations of the PHRA.

34.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Devine

8

sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Devine suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

36.    Plaintiff Devine incorporates by reference paragraphs 1 through 35 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Devine requests that this Court enter judgment in his favor and against the Defendants, and Order that:

a.     Defendants compensate Plaintiff Devine with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b.     Defendants compensate Plaintiff Devine with an award of front pay, if appropriate;

c.     Defendants pay to Plaintiff Devine punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d.     Defendants pay to Plaintiff Devine pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

9

e.     The Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:     _____
/s/ Sidney L. Gold, Esquire SG1387
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

DATED:     November 8, 2016

## **VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 11/2/2016

DAVID DEVINE, PLAINTIFF